UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 12-90-KKC

GARY LEE SMITH                                                                                    PLAINTIFF

V.                              **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Gary Lee Smith's appeal of the Commissioner's denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion (R.14) and deny Smith's motion (R.11) because substantial evidence supports the administrative decision.

At the time of his applications for DIB and SSI, Smith was a 45-year-old male with an eighth grade education. AR 22. He had prior work experience as a mechanic and factory assembler but he quit his employment due to a work-related injury to his knee. AR 22. He alleged disability beginning on May 31, 2008, due to knee pain, back pain, heart problems, cataracts, depression, and recurrent skin infections. AR 15-16. Smith filed his claims for DIB and SSI on December 29, 2009. AR 13, 140, 142. His claims were denied initially on April 21, 2010, and upon reconsideration on May 21, 2010. AR 13. The claimant and an impartial vocational expert Gina Baldwin testified at a hearing held on September 2, 2010. Thereafter, Administrative Law Judge ("ALJ") William H. Gitlow determined that Smith was not disabled. AR 10-24. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see* 20 C.F.R. § 404.1520 (1982), the ALJ determined

1

that Smith had not engaged in substantial gainful activity since May 31, 2008, the alleged onset date, AR 15; that he had severe impairments, including right knee pain/stiffness status post surgical intervention, coronary artery disease, learning disorder, and adjustment disorder, *Id*; that his impairments or combination of impairments did not meet or equal one of the listed impairments, AR 16; that he had the residual functional capacity ("RFC") to perform a light range of work with specified limitations in lifting, carrying, and standing, AR 18-21; and that based on his RFC he could not return to his previous job but that additional jobs existed in the national economy that he could perform such as house sitter, unarmed night watchman, product inspector, surveillance system monitor, hand packager, and bench worker, AR 23. The ALJ thus denied his claims for DIB and SSI on September 21, 2010. AR 10-24. The Appeals Council denied Smith's request for review on February 14, 2012, AR 1-3, and he commenced this action.

Smith challenges the ALJ's ruling on the following grounds: (1) the ALJ erred in his credibility assessment of the claimant; and (2) the ALJ erred in not presenting Smith's recurring staph infections to the vocational expert; and (3) the ALJ erred in failing to find Smith's staph infections met or equaled listing 8.04.

In his first issue, Smith contends the ALJ did not properly accept his complaints of pain and its effect on his ability to work. An individual's own statements as to his pain will not alone establish disability. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Rather, an ALJ will engage in a two part test to evaluate a claimant's assertion of disability due to pain. First, the ALJ should ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R § 416.929(a). Then, if such an impairment exists, the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms on the claimant's ability to do basic work activities. *Id*.

Relevant factors for the ALJ to consider are the claimant's daily activities; location, duration and frequency and intensity of symptoms; factors that precipitate or aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication; and other treatment taken to alleviate symptoms. *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994).

Here, the ALJ found Smith had objective medical conditions—right knee pain/stiffness status postsurgical intervention and coronary artery disease, but there is little or no objective medical evidence to confirm the pain Smith attributed to these conditions is disabling. Smith suffered injury to his knee in September 2001 while working as a mechanic. AR 19. Thereafter, he had arthroscopic knee surgery in November 2001. AR 236-275 (Ex. 1F and 2F). Follow-up notes from treating physician Dr. Wheeler in November 2002 indicated he still had "problems squatting and going up tall steps." Thereafter, treatment notes indicate improvement stating "almost full extension . . .[h]e needs to work harder on his range of motion exercises." AR 279. By May 2003, Dr. Wheeler reported he had "good functioning of the knee and no complaints." AR 276 (Ex. 3F). There are no further treatment records regarding his knee. Consultative examiner, Dr. Nicole Yarber, examined Smith in February 2010 for his knee pain but noted full range of motion and opined that his complaints of pain were attributable to arthritis. AR 430 (Ex. 7F).

Smith also complains his chest pain is disabling. On December 4 2009, he presented to a hospital with chest pain and underwent a catheterization that revealed 50% stenosis in one area but otherwise normal. AR 523. He was discharged and prescribed medication. AR 376-426 (Ex. 6F). He was treated by Lakeview Medical Center from 2009 to 2010 and these records show numerous follow up visits with recurrent prescription refills for Valium and Nitroglycerine. AR 505-535 (Ex. 15F). For example, Dr. Jaara in January of 2010 noted "stable coronary artery

3

disease" and that he did not have recurring episodes of pain. AR 515 (Ex. 15F). Thus, no objective medical evidence supports Smith's allegations that his chest pain is disabling.

The ALJ determined that Smith's alleged back was not a severe impairment. There was simply no objective medical evidence to support this alleged impairment. Consultative examiner Yarber noted in February 2010 that he had subjective complaints of back pain but that upon examination he had full range of motion of the lumbar spine and no evidence of radiculopathy. AR 430 (Ex. 7F). Thus, the ALJ concluded this was not a severe impairment. AR 15-16.

The ALJ found that the claimant's allegations of disabling pain were inconsistent with his daily living activities. AR 21. Smith testified he lives by himself and does all of his own household chores including cooking, vacuuming, mowing, and other household repairs. He also engages in part-time work cleaning his church and even rides a four-wheeler short distances. AR 21. Because the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should be given great weight and deference. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Moreover, the ALJ did find some of the claimant's assertions credible. The state agency physician found Smith capable of performing medium level work; however, the ALJ reduced his limitations to light-level work citing his complaints of chest pain as the reason for doing so. AR 22. Regarding his knee pain, the ALJ stated that he finds in his RFC assessment that he is not able to squat given his knee conditions. *Id.* Thus, the ALJ did accept some of the claimant's complaints of pain—just not to the disabling degree alleged by Smith. There was substantial evidence to support the ALJ's credibility determination and, therefore, the ALJ did not err in rejecting his subjective claims of disabling pain.

4

In his second issue and third issues, Smith argues the ALJ erred in regard to his recurring skin infections. Smith argues the ALJ should have found his recurrent staph infections met or equaled listing 8.04 which states that "chronic infections of the skin or mucous membranes, with extensive fungating or extensive ulcerating skin lesions that persist for at least 3 months despite continuing treatment as prescribed." Extensive is defined in section 8.00(c)(1) of the Listings to require that the lesions be in multiple sites or critical body areas and result in very serious limitations. The objective medical evidence in the record indicates that Smith was treated for his skin infections from November 2008 through May 2010. However, the treatment notes indicate these infections were successfully treated with medication. *See* AR 283, 285, 288, 509, 513, 529, 531. For example, Dr. Burnette states in February 25, 2010, "Cellulitis, right arm, which is improved. Continue the Rx meds he is on." AR 511. Nothing in the objective medical evidence indicates his infections are not well-controlled with medication or that this is a disabling condition. Thus, the ALJ's finding that Smith's skin infections do not meet or equal a listed impairment is supported by substantial evidence.

In addition, Smith argues that the ALJ's hypothetical question did not accurately portray his physical impairments—particularly, that he failed to mention Smith's recurring staph infections to the vocational expert. "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). Hypothetical questions, however, need only incorporate those limitations which the ALJ has accepted as credible. *Casey v. Sec. of Health & Hum. Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Here, the ALJ concluded that his staph infections were being controlled with treatment. Impairments that are controllable or amenable to treatment cannot support a finding of disability. *See Gant v. Comm'r of Soc. Sec.*, 372 Fed. App'x 582, 585 (6th Cir. 2010)(unpublished)(citing 20 C.F.R. § 404.1529(c)). The record does not indicate that Smith's staph infections imposed any limitations that would preclude him from performing the light-skilled or sedentary jobs identified by the vocational expert. Because the hypothetical question included those limitations that the ALJ found credible, there is substantial evidence to support the Commissioner's determination that Smith can perform a significant number of jobs in the national economy. *See Blacha v. Sec. of Health v. Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).

The ALJ properly applied the relevant legal standards and his decision is supported by substantial evidence. Accordingly,

**IT IS ORDERED** that Smith's motion (R.11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion (R. 14) is **GRANTED.**

The court will enter a separate judgment.

Dated this 23rd day of January, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge